**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005700
23-FEB-2015
08:08 AM**

NO. CAAP-13-0005700

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MATHEW LAWSON, Appellant-Appellant, v.
ATTORNEY GENERAL, Appellee-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-1331)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

In this secondary appeal, Appellant-Appellant pro se Mathew Lawson (**Lawson**) appeals from the following orders from the Circuit Court of the First Circuit[1] (**circuit court**):

(1) "Notice of Entry of Final Judgment," filed October 17, 2013;

(2) "Final Judgment," filed October 17, 2013;

(3) "Order Dismissing Notice of Appeal to Circuit Court, Filed May 6, 2013," filed October 17, 2013.

On appeal, Lawson contends the circuit court erred in (1) dismissing his agency appeal for lack of jurisdiction and (2) finding that, pursuant to Hawaii Revised Statutes (**HRS**) § 846E-2(b) (2014 Repl.),[2] he was required to register as a covered

---

[1]  The Honorable Rhonda A. Nishimura presided.

[2]  HRS § 846E-2(b) provides:

§846E-2 **Registration requirements.**
. . . .

(b) A person who establishes or maintains a residence
(continued...)

offender in the State of Hawai'i (**Hawai'i**) before he could petition Appellee-Appellee the Attorney General for termination of his registration requirements.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Lawson's appeal is without merit.

To determine whether a circuit court can exercise jurisdiction over an appeal brought pursuant to HRS § 91-14,

---

[2](...continued)

in this State and who has not been designated as a covered offender by a court of this State but who has been designated as a covered offender, sex offender, offender against minors, repeat covered offender, sexually violent predator, or any other sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person was a resident of that state or jurisdiction, without regard to whether the person otherwise meets the criteria for registration as a covered offender, shall register in the manner provided in this section and shall be subject to community and public notification as provided in section 846E-3. A person who meets the criteria of this subsection is subject to the requirements and penalty provisions of section 846E-9 until the person successfully petitions the attorney general for termination of registration requirements by:

(1) Providing an order issued by the court that designated the person as a covered offender, sex offender, offender against minors, repeat covered offender, sexually violent predator, or any other sexual offender designation in the state or jurisdiction in which the order was issued, which states that such designation has been removed or demonstrates to the attorney general that such designation, if not imposed by a court, has been removed by operation of law or court order in the state or jurisdiction in which the designation was made, and such person does not meet the criteria for registration as a covered offender under the laws of this State; or

(2) Demonstrating that the out-of-state convictions upon which the sexual offender designation was established are not covered offenses under section 846E-1, thereby showing that such person does not meet the criteria for registration as a covered offender under the laws of this State.

If the covered offender is not satisfied with the decision of the attorney general on the request for termination of registration requirements, the covered offender may appeal the decision pursuant to chapter 91.

we consider whether the following requirements have been met:

> first, the proceeding that resulted in the unfavorable agency action <u>must have been a contested case hearing--i.e., a hearing that was (1) required by law and (2) determined the rights, duties, and privileges of specific parties</u>; second, the agency's action must represent a final decision or order, or a preliminary ruling such that deferral of review would deprive the claimant of adequate relief; third, the claimant must have followed the applicable agency rules and, therefore, have been involved in the contested case; and finally, the claimant's legal interests must have been injured--i.e., the claimant must have standing to appeal.
>
> <u>Kaleikini v. Thielen</u>, 124 Hawai'i 1, 16-17, 237 P.3d 1067, 1082-83 (2010) (emphases, brackets, and internal quotation marks omitted) (quoting <u>Pub. Access Shoreline Hawaii [(PASH)] v. Hawai'i Cnty. Planning Comm'n by Fujimoto</u>, 79 Hawai'i 425, 431, 903 P.2d 1246, 1252 (1995)).

<u>Kilakila 'O Haleakala v. Bd. of Land & Nat. Res.</u>, 131 Hawai'i 193, 200, 317 P.3d 27, 34 (2013) (emphasis added). Thus, "a contested case must have occurred before appellate jurisdiction may be exercised." <u>PASH</u>, 79 Hawai'i at 431, 903 P.2d at 1252 (internal quotation mark omitted) (citing <u>Pele Def. Fund v. Puna Geothermal Venture</u>, 77 Hawai'i 64, 67, 881 P.2d 1210, 1213 (1994)). Here, Lawson contends that his correspondence with the Hawai'i Criminal Justice Data Center (**Data Center**), constituted a contested case hearing so that the circuit court had jurisdiction over his appeal. We disagree.

"A contested case is an agency hearing that 1) is required by law and 2) determines the rights, duties, and privileges of specific parties." <u>PASH</u>, 79 Hawai'i at 431, 903 P.2d at 1252. "In order for a hearing to be 'required by law,' it may be required by statute, agency rule, or constitutional due process." <u>Id.</u> Furthermore, in <u>Bush v. Hawaiian Homes Comm'n</u>, 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994), the Hawai'i Supreme Court held:

> If the statute or rule governing the activity in question does not mandate a hearing prior to the administrative agency's decision-making, the actions of the administrative agency are not "required by law" and do not amount to a "final decision or order in a contested case" from which a direct appeal to circuit court is possible.

(Citation and emphasis omitted.)

HRS § 846E-2(b) provides that a person who maintains a residence in Hawai'i and who has been designated as a covered offender, sex offender, offender against minors, repeat covered offender, sexually violent predator, or any other sexual offender designation in any other state or jurisdiction (**out-of-state offender**) shall register with the Attorney General, and shall be subject to community and public notification, pursuant to HRS § 846E-3 (2014 Repl.).

HRS § 846E-2(b) specifically indicates that an out-of-state offender is required to register "without regard to whether the person otherwise meets the criteria for registration as a covered offender[.]" The statute provides that an out-of-state offender who believes that his conviction does not meet the definition of "covered offenses" can petition the Attorney General to terminate registration requirements. Thus, the Attorney General was not required to entertain Lawson's claims that he was not a covered offender until he first registered in Hawai'i. See HRS § 846E-2(b); see also State v. Guidry, 105 Hawai'i 222, 234, 96 P.3d 242, 254 (2004) ("Because due process does not require that a hearing be held at any specific time, due process is satisfied so long as an offender is afforded a hearing at some time.") Lawson had not registered with the Attorney General when he submitted his letter requesting termination of his registration requirements, therefore, the Data Center's responses to Lawson's request were not required by law.

Furthermore, Lawson's correspondence with the Data Center did not determine his rights, duties, or privileges. See PASH, 79 Hawai'i at 431, 903 P.2d at 1252. The Data Center's responses were merely recitations of what registration procedures would apply, if Lawson were to visit Hawai'i. In fact, the Data Center's April 10, 2013 response explicitly stated that Lawson was first required to register in Hawai'i before it could make a determination as to whether Lawson was a "covered offender." Because Lawson's correspondence with the Data Center was not required by law and did not determine his rights, duties, or privileges, Lawson's correspondence with the Data Center did not constitute an appealable contested case hearing.

4

Inasmuch as we hold that the circuit court's dismissal of Lawson's appeal was not erroneous, we need not address Lawson's remaining points on appeal.

Therefore,

IT IS HEREBY ORDERED that the following orders from the Circuit Court of the First Circuit are affirmed:

(1) "Notice of Entry of Final Judgment," filed October 17, 2013;

(2) "Final Judgment," filed October 17, 2013;

(3) "Order Dismissing Notice of Appeal to Circuit Court, Filed May 6, 2013," filed October 17, 2013.

DATED: Honolulu, Hawai'i, February 23, 2015.

On the briefs:

Mathew Lawson
Appellant-Appellant pro se.

Marissa Luning
Deputy Solicitor General
for Appellee-Appellee.

Presiding Judge

Associate Judge

Associate Judge